UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UFCW LOCAL 342, et al.,  ORDER
 03 CV 8658 (GBD) (HBP)
                     Petitioners,

    -against-

OUR VILLAGE SUPERETTE (DAVT) d/b/a
ASSOCIATED SUPERMARKET,

                     Respondent.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

      Petitioners brought this action to confirm three labor arbitration awards. A default judgment was granted in favor of plaintiffs. This Court referred the matter to Magistrate Judge Henry B. Pitman to conduct an inquest and to issue a report and recommendation ("Report") concerning petitioners' damages.

      Magistrate Judge Pitman issued a Report wherein he recommended that judgment be entered for petitioners in the total amount of $18,630.00, plus costs to be taxed by the Clerk of the Court. In his report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the report will constitute a waiver of those objections. Neither party filed objections to the Report and the time to do so has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998). After reviewing the Report, the Court finds that the record is not facially erroneous.

      Petitioner United Food and Commercial Workers Union ("Union") and respondent Our

Village Superette (DAVT), d/b/a Associated Market ("Our Village") are parties to a written collective bargaining agreement ("CBA"), which sets forth the wages, hours, and conditions of employment for members of the Union working for Our Village. Pursuant to the CBA, Our Village is obligated to make certain monthly contributions to the UFCW Health Fund, the UFCW Trust Fund, and the Pension Fund for the benefit of its employees. The CBA provides that a dispute between Our Village and the Union concerning contributions to the Funds is to be resolved by arbitration. The CBA further provides that the arbitrator's award is final, binding, and enforceable in any court having jurisdiction over the subject matter and the parties.

From February 2002, through June 2002, August 2002 through October 2002, and from December 2002 through March 2003, Our Village failed to make some or all of the contributions to the Health Fund, Trust Fund, and Pension Fund. Our Village also failed to pay the appropriate rate increase, and made late payments to the Union.

The Union commenced three arbitration proceedings to recover the contributions to the Health Fund, Trust Fund, and Pension Fund. Our Village did not appear or otherwise answer any of the arbitrations. The arbitrator awarded the Union the sums of $7,197.22, $7,197.22, and $11,279.31, respectively, for the three periods of time in which Our Village failed to make its required contributions. Our Village has made partial payments in the amounts of $4,558.20, $4,688.50, and $4,323.78 toward the three arbitration awards.

There is a strong federal policy in favor of enforcing arbitration awards concerning labor disputes. N.Y. Hotel & Motel Trades Council, AFL-CIO v. Hotel St. George, 988 F.Supp. 700, 774 (S.D.N.Y. 1997). Such awards are enforced so long as the award draws its essence from the collective bargaining agreement and the arbitrator acts within the scope of his authority. Hill v.

Staten Island Zoological Soc'y, Inc., 147 F.3d 209, 212 (2d Cir. 1998).

There can be little doubt in this matter that the award draws its essence from the CBA. The CBA provides at Article 10(D):

> An employer who defaults in the payment of contributions to any Fund herein shall pay, upon demand, the unpaid contributions, interest on those contributions in the amount of one and one-half (1 ½) percent per month, reasonable attorney's fees, costs of the action and liquidated damages up to twenty (20%) percent of the amount due. In addition to which, the delinquent Employer shall be subject to any and all legal or equitable relief that an arbitrator or Court, as the case may be, deems appropriate.

The terms set forth above are the precise terms the arbitrator, acting within the scope of its authority, applied in arriving at the awards.

Accordingly, petitioners are entitled to confirmation of the three arbitral awards which have outstanding balances in the amounts of $2,639.02, $2,508.72, and $6,955.53. As the CBA provides for interest on delinquent pension and health fund contributions at the rate of 1 ½ % per month, petitioners are entitled to interest in the amounts of $1,583.41, $1,385.57, and $3,557.75.

The arbitration awards are confirmed. Judgement is entered against the respondent in the amount of $18,630.00, plus costs to be taxed by the Clerk of the Court..

Dated: New York, New York
April 13, 2006

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge